## J. B. SIMPSON ET AL. v. B. L. OATS ET AL.

No. 1892.    Decided December 16, 1908.

**1.—Community Property—Homestead Preemption.**

A husband and wife were occupying vacant public domain under a conveyance which they supposed to give them title. The wife died in October, 1870, a daughter surviving and continuing to live with the surviving parent. The Act of August 12, 1870 . (Laws 12th Leg. p. 68) gave to the head of a family a right to acquire a homestead donation, with a preference right to claim same for twelve months from its passage in favor of persons then occupying public land. The surviving husband, learning that the land was vacant and he without title, applied for a homestead preemption thereon in January, 1871, and thereafter received patent, based on his occupancy for three years, from January, 1871, to January, 1874, while the wife was dead and the daughter constituted his family. Held that the land so acquired became his separate property, and no community interest therein was inherited by the heirs of his deceased wife. (Pp. 187, 188.)

**2.—Same—Case Distinguished.**

The case of Creamer v. Briscoe, 101 Texas, 490, distinguished from this as one where the steps necessary to secure the land had been taken before the death of the wife. (P. 188.)

Error to the Court of Civil Appeals for the Fifth District, on error from Delta County.

Simpson and others sued Oats and others, for the recovery of land, and prosecuted error from a judgment for defendants, on affirmance of which they obtained writ of error from the Supreme Court.

*Allen & Dohoney,* for plaintiffs in error.

The settlement in which the title had its origin having been made during Hannah Ripley's life time, and the family, including her, having been living upon the land when the Act of August 12, 1870, was passed, J. W. Ripley, the survivor of the community, could not acquire title to said land as his separate property and adversely to the heirs of the wife. His action in having the land surveyed, making proof of occupancy, and obtaining patent, inured to the benefit of his wife's heirs and the land became property of the community estate. Chapter 53, Acts Twelfth Leg., August 12, 1870; 6 Gammel's Laws, 242; Act, March 24, 1871, Chapter 22; 6 Gammel's Laws, 918; Mills v. Brown, 69 Texas, 244; Clifton v. Thompson, 29 S. W., 198; Welder v. Lambert, 91 Texas, 524; Norton v. Cantagrel, 60:

Texas, 538; Cannon v. Murphy, 31 Texas, 406; Gardner v. Burkhart, 4 Texas Civ. App., 590.

The right to the land in Hannah Ripley by virtue of the settlement occupancy and improvement of herself and husband was a substantial right transmissible by descent to her heirs. Sec. 2, chapter 22, Acts Twelfth Leg., March 24, 1871; 6 Gammel's Laws, 918; Best v. Baker, 3 Texas Civ. App., 551; Neal v. Bartlett, 65 Texas, 482; Nimmo v. Davis, 7 Texas, 26, and authorities cited.

*L. L. Wood,* for defendants in error.—The 160 acres were not acquired during the marriage of J. W. Ripley and hence was not the community property of J. W. Ripley and wife Hannah Ripley. Votaw v. Pettigrew, 15 Texas Civ. App., 87; Roberts v. Trout, 13 Texas Civ. App., 70; Speer on Married Women, sec. 199; Bishop v. Lusk, 8 Texas Civ. App., 30; Mitchell v. Nix, Unreported Cases, 126; Hodge v. McDonald, 55 Texas, 344; Rose v. Taylor, 17 Texas Civ. App., 535; Webb v. Webb, 15 Texas, 275; Palmer v. Chandler, 47 Texas, 332; Teel v. Huffman, 21 Texas, 781; Rogers v. Bailey, 46 Texas, 578; State v. Work, 63 Texas, 148; Gafford v. Foster, 36 Texas Civ. App., 56; Buford v. Bostic, 58 Texas, 63; McReynolds v. Bowly, Unreported Cases, 452; Miller v. Moss, 65 Texas, 179; Mills v. Brown, 69 Texas, 244; Johnson v. Townsend, 77 Texas, 639; Cravens v. Brooke, 17 Texas, 269; Hatless v. Linney, 26 Texas, 332; Garza v. Cassin, 72 Texas, 440.

The rights of Ripley and his wife did not depend upon their knowledge or ignorance of whether or not the land was patented, but upon the facts of settlement and improvement and the intention to make it a home. Cravens v. Brooke, 17 Texas, 274; Jennings v. DeCordova, 20 Texas, 513; Howard v. McKinzie, 54 Texas, 188; Rodgers v. Dailey, 46 Texas, 583.

Mr. Justice Brown delivered the opinion of the court.

J. B. Simpson married the only daughter of J. W. and Hannah Ripley. The wife of Simpson died in 1892, leaving two children, L. E. and W. H. Simpson. J. B. Simpson sues in his own right and as next friend of the two children, who are minors.

In 1868 J. W. Ripley and Hannah Ripley were husband and wife and settled upon the land in controversy under a promise by J. W. Ripley's father that he would give to them one hundred acres of the land. Ripley and his wife improved the land by building thereon a cabin, fencing in and cultivating some of the land, all the improvements aggregating fifty dollars. The father made the deed to J. W. Ripley for the one hundred acres. Hannah Ripley died on October 7, 1870, leaving surviving her a daughter, Virginia, who, with her father, J. W. Ripley, continued to reside upon the land. After the death of his wife J. W. Ripley learned that his father had no title to the land, that it was public domain, and, in January, 1871, he made application to the surveyor who surveyed for him one hundred and sixty acres of the land and made out and returned the field notes of the same on the 27th day of January, which were filed in the General Land Office on February 23, 1871. At the time of this

survey J. W. Ripley made proof of his occupancy of three years from January, 1868, to January, 1871, which was returned to the General Land Office, but no patent was issued to the land upon that proof. On February 28, 1874, J. W. Ripley made proof under the statute of his occupancy of the land for three years, dating from January, 1871, and on April 10, 1874, the General Land Office issued patent in the name of J. W. Ripley upon that proof. Up to the death of Hannah Ripley she and her husband believed that they had title to the land under the deed from the father and no steps were taken to pre-empt the land during her life time.

The child Virginia lived with her father on the land until 1885 when she married the plaintiff, J. B. Simpson. The children named were born of that marriage and she died in 1892. J. W. Ripley married the second time in 1875.

On the 12th day of August, 1870, the Legislature of this State enacted a statute entitled: "An Act to regulate the disposal of the public lands of the State of Texas." (Acts 1870, p. 68.) The first section of the Act contained the following provision: "That every head of a family who has not a homestead, shall be entitled to one hundred and sixty acres of land out of any part of the public domain as a homestead, upon condition that he or she will select, locate and occupy the same for three years, and pay the office fees on the same."

The fourth section of said Act provides as follows: "Any person now occupying any part of the public domain of the State in good faith, shall have the right to take the necessary steps, at any time within twelve months from the passage of this Act, to appropriate the same, or a part thereof, to a homestead under the first section of this Act, or to purchase the same, or a part thereof, under the third section of this Act."

That law gave to Ripley the preference right for twelve months from August 12, 1870, to have the land he occupied surveyed and field notes returned into the General Land Office, but in order to acquire it as a homestead, he was required to reside upon the land three years from that time. His previous occupancy of the land counted for nothing except to secure to him the preference right for twelve months to appropriate the land for a home. The only right which existed at the time of Mrs. Ripley's death was the preference, secured by the statute. Ripley had no property right in this land at that time, therefore, the land which was acquired after her death by his action in complying with the statute and his residence upon the land was his separate property. His daughter Virginia had no property right whatever in the land.

The present case is distinguishable from Creamer v. Briscoe, 101 Texas, 490, in the fact that in that case all of the steps necessary to secure the land had been taken before the wife died except the occupancy of three years which had been commenced and only required to be completed to give title. We held in that case that the land was the community property of the deceased wife and her husband. The very things—survey and return of field notes—which determined in that case that the property was community are absent

in this, and their absence determines that the land was not community property of J. W. and Hannah Ripley.

It is ordered that the judgments of the District Court and Court of Civil Appeals be affirmed.

*Affirmed.*