**STRONG et al. v. GARRETT et al.**

No. 6419.

Court of Civil Appeals of Texas. Texarkana.

Feb. 10, 1949.

Rehearing Denied March 10, 1949.

Gladney & Stephen and Paul S. Colley, Jr., all of Henderson, for appellants.

Reagan R. Huffman and W. E. Tumlin, both of Marshall, for appellees.

HARVEY, Justice.

Jesse Joseph Strong and wife sued Leuvinia Lewis and husband; Charlie Garrett and wife; and Mrs. Georgia Bateman, Claud and John Bateman, in trespass to try title to 62½ acres of land of the Juan Y. Barbo Grant in Rusk County, Texas. The Batemans filed disclaimers. Garrett and wife, among other defenses, pleaded the ten years' statute of limitation and filed a cross-action against Strong and wife, as well as against Leuvinia Lewis and husband, for the title and possession of the tract of land involved, which was described in the pleadings as tract No. 3 of the Wylie Harris Subdivision of the Juan Y. Barbo Grant of land in Rusk County. In the alternative, Garrett and wife asked for improvements in good faith. Leuvinia Lewis and husband as one of their defenses pleaded as res judicata a judgment in a former suit, styled Cause No. 13,068–A, in the District Court of Rusk County, Texas. The case was tried to the court without a jury and from a judgment against the plaintiffs and against Leuvinia Lewis and her husband, and in favor of Charlie Garrett and wife for the title and possession of the land in dispute, Strong and wife and Leuvinia Lewis and husband have perfected an appeal to this court.

It was developed on the trial of the case that in December, 1902, a Mrs. M. B. James, the common source of title, deeded to Anderson Strong 62½ acres of land of the Juan Y. Barbo Grant in Rusk County, Texas. The description in the deed was a tract designated as Block No. 2, of the Wylie Harris Subdivision of such survey, and a vendor's lien note for $250.00 payable to Mrs. James was retained in such deed. This note apparently was acquired by a firm known as Mays & Harris. In 1913, Anderson Strong renewed this note to Mays & Harris; Strong died in 1916, and his widow, Ida Strong, thereafter on July 7, 1917, renewed the note, which extension showed a balance due of $360.00. The probate court of Rusk County set aside this

particular tract of 62½ acres to Ida Strong, widow of the deceased, subject to the vendor's lien note against it. On December 12, 1917, Ida Strong by deed of that date deeded the land to Charlie Garrett, in consideration that he pay off the purchase money note given by Anderson Strong to Mrs. James and in the deed it was recited that such note was then owned by Mays & Harris. On the same date, December 12, 1917, Charlie Garrett paid to Mays & Harris the amount of said note, as shown by a release from Mays & Harris to Garrett dated January 19, 1939. Shortly after the deed to Garrett was made by Ida Strong, they married on December 23, 1917, and lived together until August 13, 1936, when Ida Strong Garrett died. During their married life they lived on and used and enjoyed the 62½ acre tract involved in this suit which is block No. 3. It thus appears that while the deed dated December 28, 1902, from Mrs. M. B. James to Anderson Strong described and conveyed block No. 2 of the Juan Y. Barbo Grant, Strong and his successors in title actually went into possession of and claimed block No. 3 of such survey. After the death of his wife in 1936, Charlie Garrett the following year married Evie Garrett, who is a nominal defendant in this cause. The plaintiffs, Joseph and Alma Strong, base their title to the land in dispute upon the fact that as children of Anderson and Ida Strong they are the owners of the record title to such land; the Batemans were the heirs at law of Mrs. M. B. James; and Leuvinia Lewis and husband predicate their claim on the asserted fact that Leuvinia Lewis and her former husband, Riley Williams, were living on and claiming tract No. 3 at the time that Charlie Garrett bought tract No. 2. May 8, 1939, in a suit styled Leuvinia Williams and husband v. Charlie Garrett and wife, No. 13,068–A in the Special District Court of Rusk County, in which tract No. 2 was involved, judgment was entered in favor of the plaintiffs, and a take nothing judgment was rendered against Charlie Garrett. In the instant case the trial court found against Leuvinia Lewis and husband on their plea of res judicata by reason of the judgment in the former suit, No. 13,068–A, which was urged as a bar to a recovery by Charlie Garrett. It is to be noted that in such former suit the land involved was described and designated as block No. 2; in the instant suit, as indicated hereinabove, the controversy is over block No. 3.

We pretermit detailing the essential facts which must exist in order for a plea of res judicata to be available. 26 Tex.Jur., page 109; Slaughter v. Crosby, Tex.Civ.App., 289 S.W. 1060. One of the requisites that must exist in order for a judgment in one suit to bar the bringing of a subsequent one is identity of subject matter in the two suits. The former suit was one for an accounting by Leuvinia Lewis and her husband against Charlie Garrett for money paid by him out of the community estate of himself and Ida Strong Garrett for a 100 acre tract and a 12 acre tract; in a cross action, Garrett sought to recover title to a tract of 62½ acres of the Barbo Survey and described as tract No. 2. The undisputed record herein is that tract No. 3 is involved in the instant case. It is no answer to this state of affairs to say that it was the intention of the parties in the former suit, as contended by them, to litigate and determine the title to tract No. 3, and that it was due to some sort of inadvertence or misunderstanding that the pleadings described tract No. 2. The parties are bound by the record as made; in a subsequent suit it is not permissible to show that title to a different tract of land to that described in the pleadings was intended to be litigated. The trial court properly disposed of the plea of res judicata presented by Leuvinia Lewis and her husband, Cleveland Lewis, in overruling it.

Charlie Garrett urges herein, and the court so found, that he is the owner of the equitable title to the land involved inasmuch as he paid off the vendor's lien note against it. The same logic is applicable to his claim as has just been discussed with reference to the plea of res judicata of Leuvinia Lewis and husband. In the instant suit the record title is in none of the parties litigant. The deed from Mrs. M. B. James, which retained the vendor's lien note that Charlie Garrett testified he paid off, described tract No. 2.

The trial court found in his findings of fact that Charlie Garrett, in person and through tenants, had matured a limitation title under the ten year statute of limitation prior to the year 1940. There is ample evidence in the record to sustain the court's findings in this respect. The evidence discloses that Jesse Joe Strong and Alma Bernice Strong never lived on the land involved herein and have been living in Chicago, Illinois, since about the year 1920; the trial court also found as a fact that Leuvinia Lewis and husband, Cleveland Lewis, and she and her former husband, Riley Williams, had occupied the land in controversy, as tenants of Charlie Garrett, with support in the evidence.

The judgment of the trial court in all things is affirmed.