JESSE JOSEPH STRONG ET AL V. CHARLIE GARRETT ET AL.

No. A-2189. Decided October 12, 1949.
Rehearing overruled November 16, 1949.
(224 S. W., 2d Series, 471.)

*Paul S. Colley, Jr.,* of Henderson, for the Strongs, and *Gladney & Stephen,* also of Henderson, for the Lewises, petitioners.

The trial court erred in decreeing title in the land to Garrett and the Court of Civil Appeals erred in affirming that judgment because the evidence in the record shows that Garrett admitted that Leuvinia Lewis was the daughter and sole heir of Ida Young Strong Garrett, who the trial court found was the wife of Charlie Garrett and that Charlie Garrett had entered upon and remained in possession of the land for more than ten years and matured his title by limitation, and that the title record is in none of the parties litigant, and also in not reversing the judgment of the trial court and holding that Charlie Garrett having matured a good title under the ten year statute of limitation under the existence of his marriage to Ida Young Strong Garrett said property was community and the interest of Ida Garrett, was inherited by her daughter, Leuvinia Lewis on the death of her mother. Pearson v. Doherty, 143 Texas 64,

183 S. W. (2d) 453; O'Meara v. Williams, 137 S. W. (2d) 66; Mitchell v. Schofield, 106 Texas 512, 171 S. W. 1121.

*W. E. Tumlin* and *Regan Huffman,* both of Marshall, for Charlie Garrett and his wife, respondents.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

This is an action in trespass to try title to 62½ acres of land in the Juan Y'Barbo Grant, in Rusk County. The plaintiffs in the trial court were Jesse Joseph Strong and his sister Alma B. Strong. The defendants were Leuvinia Lewis and husband, Cleveland Lewis, Charlie Garrett and wife, Evie Garrett, and Mrs. Georgia Bateman, and Claud and John Bateman. Charlie Garrett was awarded title to the land on his cross action in the trial court, and that judgment was affirmed by the Court of Civil Appeals. 218 S. W. (2d) 873. The Strongs and the Lewises are the petitioners before this Court.

The common source of title is Mrs. M. B. James. A predecessor in title to Mrs. James divided the Juan Y'Barbo Grant into six tracts of 62½ acres each. These tracts had identical metes and bounds description, except for the point of origin. They were numbered 1 through 6. Before title passed to Mrs. James her predecessor had conveyed away all of the tracts except Tract No. 3. In December, 1902, Mrs. James, who owned only Tract No. 3, conveyed to Anderson Strong 62½ acres out of the Y'Barbo Grant, but the metes and bounds description covered Tract No. 2. In that deed a vendor's lien was retained to secure a purchase money note. Shortly thereafter Anderson Strong moved upon Tract No. 3. In all subsequent dealings with this land, including proceedings in a lawsuit later to be mentioned, and also including some of the pleadings in the instant case, the land has carried the metes and bounds description of Tract No. 2. Prior to this suit the land had never been described in any of the instruments by the tract number, but always by the metes and bounds description covering Tract No. 2.

After receiving the deed from Mrs. James describing Tract No. 2, Anderson Strong, as early as 1905, and probably earlier, began living upon Tract No. 3, cultivating it and otherwise exercising full control over it, appropriating same as a homestead until his death in 1916. On December 27, 1906, he married Fannie Daniels, and the plaintiffs Jesse Joseph Strong and Alma B. Strong were born to that marriage. In January, 1911, Anderson and Fannie Strong were divorced, and in the divorce decree

Anderson was awarded title to "62 acres of land, the same being the land bought by the plaintiff (Anderson Strong) from Mrs. M. B. James, and known as the Anderson Strong place and being the place where he now lives N. E. of Henderson, in Rusk County, Texas." The land was not otherwise described in the judgment. After the divorce decree, Fannie and her children remained in Rusk County until 1920, when they moved to Chicago, Illinois, where they still reside.

In 1912 Anderson Strong married Ida Young, who at that time had a daughter named Leuvinia. Leuvinia and her present husband, Cleveland Lewis, are parties to this suit. On March 25, 1916, Anderson Strong died intestate, leaving as his survivors his wife, Ida Young Strong, and his two children by his first marriage, the plaintiffs herein. The probate court ordered the homestead place of Anderson Strong, which was not described by metes and bounds, but which was sufficiently described to make certain that it was the land upon which he lived and which is the subject matter of this suit, set aside to the widow Ida Young Strong, subject to a vendor's lien against the property. As a matter of fact, the vendor's lien note by its terms was a lien against Tract No. 2, and not the land in suit.

On December 23, 1917, Ida Young Strong married respondent Charlie Garrett, and together they resided upon a farm owned by Garrett, near the land in suit, until Ida's death, intestate, in 1936. The following year, 1937, Charlie Garrett married his present wife, Evie. A short time before Ida Young Strong married Charlie Garrett she conveyed to him, by warranty deed, a tract of land described by metes and bounds as in the other instruments. That deed and the description therein contained will be considered more particularly later on in this opinion.

■ As stated above, title to all the land in suit has been awarded to Charlie Garrett. In order to test the correctness of that award it becomes necessary to determine what character of title, if any, Anderson Strong acquired, and then trace that title to the date this action was filed. The Batemans, who were made defendants in the trial court, are the heirs of Mrs. James, Anderson Strong's vendor. They filed disclaimers in the case, and no further notice need be taken of them, since unquestionably the title has passed from Mrs. James and her heirs. None of the parties have record title to Tract No. 3, the land in suit. The deed from Mrs. James to Anderson Strong described by metes and bounds Tract No. 2. The deed is free of ambiguity, and there is no basis for the application of any rule of construction by which it could be held that the deed conveyed Tract No. 3.

Standing unreformed, the deed did not convey title to Tract No. 3. Davis v. George, 104 Texas 106, 134 S. W. 326. But it does not follow that Anderson Strong acquired no title at all. The undisputed facts establish that he acquired title by limitation. The deed from Mrs. James to him was executed prior to his marriage. He took possession of the land as early as 1905, while single, and continued to occupy it until his death in 1916. While he had no record title to the land which he occupied and used during that period, he did have an equitable right upon which he could successfully have maintained a suit to reform the deed. That right existed during the remainder of his lifetime. Anderson Strong having gone into possession of the land intended to be conveyed, and having exercised acts of ownership thereto, and his title not having been questioned by Mrs. James or those in privity with her, the statute of limitation of four years would not have been a bar to a suit by him for reformation. Howard v. Young, 210 S. W. (2d) 241 (error refused, N. R. E.) ; Payne v. Ross, 10 Texas Civ. App. 419, 30 S. W. 670. But it is a bar to his children, the plaintiffs herein, who have not been in possession of the land or exercised acts of ownership thereto; and the courts below did not err in failing to reform the deed for their benefit, in view of Charlie Garrett's plea of limitation of four years. Article 5529, R. C. S.

■ The period of limitation was completed during his marriage to his second wife, Ida Young Strong. This question then must be decided: Was this title "acquired" during his marriage to Ida Young Strong, and therefore community property under Article 4619, R. C. S., or was it "claimed" by Anderson Strong before his marriage, and therefore his separate property under Article 4613, R. C. S.? Had Anderson Strong entered upon this land as a naked trespasser, without any property right therein, he would have had no basis for a claim of title until the full period of limitation had run. Property thus acquired by pure limitation, where the period began before marriage and ended during the marriage relation, is community property. Brown v. Foster Lumber Co., 178 S. W. 787 (writ refused) ; O'Meara v. Williams, 137 S. W. (2d) 66 Error Dismissed, Correct Judgment). This rule is recognized in Hutto v. Cook, 139 Texas 571, 164 S. W. (2d) 513. But Anderson Strong was not a trespasser. He had a property right with respect to this land, and although he had no record title thereto, and his title was ripened by limitation, still when that period of limitation expired his title took character from his original claim, and the property became his separate estate. Sauvage v. Wauhop, 143 S. W. 259 (writ dismissed) ; 23 Tex. Jur., Husband and Wife, sec. 109. See also Creamer v. Briscoe, 101 Texas 490, 109 S. W. 911,

17 A. L. R., N. S. 154, 130 Am. St. Rep. 869, and Simpson v. Oats, 102 Texas 186, 114 S. W. 105. Our conclusion is that according to the record before us Anderson Strong owned this property as his separate estate at the time of his death.

■ The plaintiffs were Anderson Strong's only children, and upon his death they inherited the land, subject to the homestead right of his widow, Ida Young Strong, and subject also to her life estate in one-third of the land. Article 2571, R. C. S.

Charlie Garrett was the vendee under a general warranty deed executed by Ida Young Strong after the death of Anderson Strong. After that deed was executed, Charlie Garrett took possession of the land, and shortly thereafter married Ida Young Strong, who had executed the deed to him. The deed from Ida Young Strong to Charlie Garrett contained the same erroneous description by metes and bounds as the deed from Mrs. James to Anderson Strong, but it went further and stated that the land was that tract which had been set apart to her by the Probate Court of Rusk County, and the tract which her former husband, Anderson Strong, had purchased from Mrs. James. The order of the probate court set aside to Ida Young Strong "the tract of land used as homestead," subject to the vendor's lien note against same. The tract in suit was the homestead of Anderson Strong.

■ It is the general rule that a particular description in a deed will prevail over a general description. Cullers v. Platt, 81 Texas 258, 16 S. W. 1003; Klein v. Humble Oil & Refining Co., 126 Texas 450, 86 S. W. (2d) 1077. But the situation here may be distinguished from that in the cases in which this general rule has been applied. In this case the general description does not enlarge the particular, but is wholly repugnant to it, in that it describes an entirely different tract of land. It is clear that the grantor intended to convey the land set aside to her by the probate court, and not the land set forth in the metes and bounds description, to which she had no title whatever. In order to give the deed the effect intended by the parties the general description must prevail over the specific description. The general rule will not be applied when the grantor's true intention to convey the land covered by the general description clearly and unmistakably appears from the language of the entire instrument. Arambula v. Sullivan, 80 Texas 615, 16 S. W. 436; Sun Oil Co. v. Burns, 125 Texas 549, 84 S. W. (2d) 442. Construing this deed from its four corners, we think it unmistakably appears that the intention of Ida Young Strong was to convey to Charlie Garrett Tract No. 3, the home place, and we therefore

hold that the general description prevails and Charlie Garrett went into possession of this land, not as a trespasser, but under a deed with covenants of general warranty.

■ While Ida Young Strong purported to convey to Charlie Garrett the fee title to the land, the only interest she owned in the land was a life estate in one-third thereof, and that was all the interest which passed to him by the deed. He therefore entered as the owner of an estate in one-third of the land, which estate has since terminated by the death of Ida Young Strong Garrett. Therefore whatever title Charlie Garrett acquired to this land was a limitation title. Since he claimed under a deed from the life tenant, Ida Young Strong Garrett, limitation could not begin to run against plaintiffs as to the one-third remainder interest protected by the life estate until her death in 1936. That period was not completed prior to the institution of this suit, and we hold that the trial court erred in decreeing that the plaintiffs take nothing. According to the record before us it should have awarded to them the title to one-third of this land, at least.

■ There is another error for which the case must be reversed. The evidence fails to show that Charlie Garrett matured title by limitation to the interest of plaintiff Jesse Joseph Strong after he attained his majority.

■ Still another error requiring reversal consists of the fact that Charlie Garrett has recovered this land from Leuvinia Lewis and husband, the parties in actual possession thereof under a claim of ownership, although he has not sued them for it. In his first amended original answer and cross action he sued the plaintiffs and the Lewises. That petition described Tract No. 2. In his second amended original answer and cross action, upon which he went to trial, he described the land correctly, but the Lewises were not named therein. That pleading, by its own recital, was "in lieu of all other answers filed herein by said defendants." That portion of the judgment is, therefore without foundation in the pleadings (Rule 301), and the record does not show that the issue was tried by consent of the parties under Rule 67.

■ In deciding the question of res judicata, raised by the Lewises because of a former suit with Garrett, the Court of Civil Appeals held that a petition in trespass to try title, which described Tract No. 2, could not be given the effect of adjudicating the title to Tract No. 3. That same situation exists here. If it should be held that Charlie Garrett's pleadings in this case

put in issue the title to Tract No. 3, as between him and the Lewises, then it would follow that the pleadings in a former suit put the title to that tract in issue, and the judgment in that suit that he take nothing vested title in Leuvinia Lewis. But the Court of Civil Appeals correctly held that the judgment in that case was not res judicata as to Tract No. 3.

In view of another trial, it is our duty to discuss other questions raised by the parties, which will most certainly arise again.

■ In order to be able to prescribe against the Strongs under the statutes of limitation to their two-thirds possessory interest, it was not necessary that Charlie Garrett bring home to them actual notice of his adverse holding. His entry under a duly recorded deed purporting to convey the entire fee, plus his long-continued, open and exclusive possession through tenants, was sufficient to warrant the inference of notice to the Strongs, his cotenants out of possession. Phillipson v. Flynn, 83 Texas 580, 19 S. W. 136; Jones v. Siler, 129 Texas 18, 100 S. W. (2d) 352; Republic Production Co. v. Lee, 132 Texas 254, 121 S. W. (2d) 973.

This question then arises: Did this two-thirds interest, if acquired by Charlie Garrett by limitation, become his separate property or the community property of either his first or his second marriage? It will be kept in mind that his first wife, Ida Young Strong Garrett, died in 1936, and that Leuvinia Lewis was her only child and is claiming under her.

■ We held above that Anderson Strong entered upon this land prior to his marriage with an equitable right in the entire tract, and that therefore the entire tract became his separate estate when full title matured by limitation. The situation with regard to Charlie Garrett is different. He entered under a deed, but it gave him no "claim" to the entire tract, for his vendor owned only a life estate in one-third thereof. As to the other two-thirds interest, Garrett must be treated as a naked trespasser, and the title thereto was "acquired" by him, if at all, after marriage. The property was therefore the community of Charlie Garrett and either his first or second wife, depending upon when the period of limitation was completed. There is no definite finding below as to when the limittion title was acquired. If it was acquired after his second marriage, Leuvinia Lewis would have no claim thereto; but if it was acquired during his first marriage, then Leuvinia Lewis, as the only child of Garrett's first wife, would have inherited a one-half interest therein, but for the application of the doctrine next discussed.

Prior to her marriage to Charlie Garrett, Ida Young Strong executed and delivered to him a warranty deed, purporting to convey the fee to the entire tract. If, therefore, she later acquired a community interest in the land through the adverse possession of her husband, no reason is perceived why that title would not pass to him under the doctrine of after-acquired title.

■ Charlie Garrett claims title to the land on the ground that he discharged a vendor's lien note against it. In her deed to Anderson Strong, Mrs. James retained a vendor's lien to secure a note given as a part of the purchase price. That lien was upon Tract No. 2, and not upon the land in suit. Garrett paid off that note to the holders after it had been renewed by Anderson Strong and later by his widow, Ida Young Strong. We agree with the holding of the Court of Civil Appeals that the payment of that note would not vest title to this property in Garrett. It may have created in him an equitable lien, but could not vest title to the land in him.

■ The Strongs did not plead minority in answer to the limitation plea of Charlie Garrett. However, they made proof of their ages, which disclosed that during much of the period of time covered by the transactions narrated in this opinion they were minors. No objection was made to the introduction of this evidence, and no question of the sufficiency of the pleadings to raise the issue was presented to the trial court. The pleadings should therefore be treated as if the issue of minority had been raised. T. R. C. P., Rule No. 67. That question should be eliminated before another trial.

Charlie Garrett pleaded the statute of limitation of five years (Art. 5509), but his proof did not meet the requirements of that Article.

■ It will be understood that we do not intend by this opinion to foreclose any fact issue in the case. Our conclusions of fact have been based upon the record before us on this appeal, which may be different upon another trial, when more fully developed.

The judgments of both courts below are reversed, and the case is remanded to the district court.

Associate Justice Harvey not sitting.

Opinion delivered October 12, 1949.

ON REHEARING.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

The Lewises have filed a motion for rehearing raising a question as to which we feel they are entitled to a further discussion by this court. They point out that we held in our original opinion that while the deed executed by Ida Strong to Charlie Garrett shortly before their marriage contained the same erroneous description by metes and bounds as that in the previous transactions, it also contained a general description which, under the circumstances, should control over the specific description. Our conclusion was that Charlie Garrett acquired the interest of Ida Strong by deed. From that premise the Lewises advance the proposition that, if that deed could serve as the basis for a claim by Charlie Garrett of after-acquired title, such claim would be barred by their plea of res judicata for the reason that in the case which forms the basis of the plea of res judicata the demand put in issue by Charlie Garrett was the land described in that same deed.

 The suit upon which the claim of res judicata is based was filed by Leuvinia Lewis and her former husband, R. W. Williams, against Charlie Garrett and was for an accounting of community property. Charlie Garrett by cross action in trespass to try title sought a recovery of 62½ acres of land. The petition discloses that his claim was based upon a warranty deed executed to him on December 12, 1917, by Ida Strong, later Ida Garrett. The land described by metes and bounds in the petition was Tract No. 2. The deed above mentioned was offered in evidence. The judgment rendered in that case did not refer to that deed, but adjudicated only that Garrett take nothing by his suit, specifically describing by metes and bounds Tract No. 2. There is nothing in the judgment adjudicating title to Tract No. 3. The judgment is plain and unambiguous. The description of the land as contained in the judgment is not open to interpretation. The judgment merely decrees that Charlie Garrett take nothing by his suit for Tract No. 2. As we observed in Harrison v. Manvel Oil Company, 142 Texas 669, 180 S. W. (2d) 909: "Practical consideration supports the conclusion that an unambiguous description in a judgment affecting land should not be open to contradiction or interpretation by examination of the evidence admitted at the trial." See also Freeman v. McAninch, 87 Texas 132, 27 S. W. 97, 47 Am. St. Rep. 79; Permian Oil Co. v. Smith, 129 Texas 413, 107 S. W. (2d) 564, 111 A. L. R. 1152. The plea of res judicata is not sustained.

The motion for rehearing is overruled.

Opinion delivered November 16, 1949.