**COASTAL BUILDERS, Inc. v. BARKER et ux.**

**No. 12431.**

Court of Civil Appeals of Texas. Galveston.

March 12, 1953.

On Rehearing June 4, 1953.

Rehearing Denied June 25, 1953.

Sam G. Croom, of Houston, for appellant.

Masterson, Williams & Smith, Fred L. Williams, Jr.; of Angleton, for appellees.

CODY, Justice.

This was a suit by appellant against appellees to have a certain deed reformed, and to have a cloud removed from title. The deed which appellant sought to have reformed was one from appellant to W. K. Martin et ux., dated August 1, 1942, and which purported to convey the entire east half of Lot 8 in Block 161, in Dow's First Addition to the Town of Freeport. The respect in which appellant sought to have the deed reformed, was to have reserved to appellant a tract of 30 feet by 40 feet in the rear of said lot on which a certain garage building or tool house is situated. Appellant alleged that it was mutually agreed by it and its said vendees that said tract should be reserved to appellant, but by mutual mistake said reservation was omitted from the deed.

The appellees answered, among other things, by pleading in bar the four-year statute of limitations, Vernon's Ann.Civ.St. art. 5529, and pleading a general denial. Appellees further plead, by way of cross-action, trespass to try title to said tract of 30 by 40 feet. To appellees' said cross-action, appellant duly plead "not guilty", and a general denial.

It should be noted at this point that appellant in effect concedes that its equity to have the deed reformed, as such, is barred by the four-year statute of limitations. However, appellant earnestly insists that under the facts of this case that it owns an

equitable estate in the tract of 30 by 40 feet and not merely an equity; and insists that it is entitled to have the cloud removed from its title thereto which is cast by the aforesaid deed, from which the reservation was omitted, allegedly by mutual mistake. Appellant also urges that it is entitled to recover title thereto upon appellees' cross-action, in the form of a "take-nothing" judgment against appellees.

The evidence upon which appellant relies is, in substance, the following: That the capital stock of appellant, together with that of the Avalon Construction Company and the Freeport Rental Corporation is owned in equal portions by William M. Dickey and H. F. Twombly. That appellant corporation bought from the Dow Chemical Company several hundred building sites for the purpose of erecting thereon housing units for sale to and rental to employees of the Dow Chemical Company. That the title to aforesaid Lot 8, and the adjoining half of Lot 7 was acquired in the name of appellant. That while the title was so held, a garage building and tool house was erected on the rear of the east half of aforesaid Lot 8 and the adjoining west half of Lot 7, upon a site which measured 80 by 30 feet, situated equally in each lot. The dimensions of said tool house are 24 by 50 feet, occupying 12 by 25 feet in each lot. That said tool house was used by all three corporations to store tools etc., used in connection with the lots being marketed by said three corporations. That in making sales of said adjoining lots, it was agreed with the vendees thereof that there should be reserved to appellant the aforesaid plot upon which the tool house is situated, and in that connection $150 was deducted from the sales price of said lots, respectively.

That the situation with respect to the west half of Lot 7 was in all respects similar to that of the east half of Lot 8, so far as the garage or tool house is concerned except that no mistake was made in drafting the deed thereto, and there was properly inserted in the deed thereto (dated August 13, 1942) the following reservation: "Save and except a tract of land 30 feet by 40 feet out of the NW corner of said Lot 7, facing 40 feet on the alley at the rear of said Lot, and for a depth of 30 feet, facing on the west line of said Lot 7."

Appellant's evidence further showed that the construction on said property was through the F.H.A., and that the Gibraltar Building & Loan Company handled the loans and prepared the papers, including the deeds of conveyance. That the east half of Lot 8, was described as a short lot in the dealings with the F.H.A., and permission was requested to have reserved from the conveyance, 30 feet off the rear of said lot. But that through the mistake of the agent of the Gibraltar Building and Loan Company, the deed was drawn for the entire lot (omitting the reservation from the description).

It was further the evidence of appellant that in the early part of 1945, some three years after W. K. Martin had purchased the property, he discovered that the reservation of 30 feet by 40 feet was not included in the deed to him and his wife. And that thereupon he wrote a letter to appellant demanding possession of the entire east half of Lot 8, inclusive of the part on which the garage was located. In May, 1945, Mr. Martin wrote a letter stating that in discussing the purchase of the property with Mr. Twombly it was mentioned that the land on which the garage was located was to be reserved, but that he was not shown any plat on which the reservation was indicated, and that when his deed and insurance policy were delivered without any reservation he (Martin) believed that no reservation was meant to be made. He (Martin) further stated in said letter that no deduction had in fact been made from the purchase price.

Appellant's evidence further showed that, though Martin and wife thereafter conveyed the entire east half of Lot 8 to S. B. Grisham by a general warranty deed, that S. B. Grisham had full information about the reservation. And that appellant had at all times remained in possession of the 30 by 40 foot tract, using the garage. That thereafter appellees acquired the title to said property from S. B. Grisham by a general warranty deed, which did not mention the reservation, but that appellant was using

and occupying the property at the time he entered a written contract to purchase the property. And he had actual knowledge of all the facts before he acquired the deed. In passing it may be noted that appellant failed to make the parties to aforesaid deeds, sought to be reformed, parties defendant to this suit. But since appellant is claiming the equitable title to said 30 by 40 feet, the failure to join said parties in this suit is immaterial.

At the conclusion of the evidence, appellant moved for an instructed verdict, but the court submitted the case to the jury upon special issues. After the coming in of the verdict, appellant moved the court to disregard the answers of the jury to certain special issues, and to render judgment for appellant notwithstanding said answers. The appellees moved for judgment on the verdict. After a hearing upon the motions, the court rendered judgment for appellees, for the title and possession to the tract of 30 by 40 feet, and rendered judgment that appellees recover $20 per month rental, as sued for.

Appellant predicates its appeal upon seven points, the first two of which read:

"There being no evidence to support the findings of the jury in response to special issue No. 1, the plaintiff was entitled to judgment as a matter of law against the defendants on their cross-action."

"Since, under the uncontradicted evidence, the plaintiff owned the equitable title to the 30 foot by 40 foot tract in question and remained continuously in exclusive possession thereof, the trial court erred in not rendering judgment in favor of plaintiff and against defendants on their cross-action."

Special Issue No. 1, the answer to which appellant complains of as being without any evidence to support it, found in effect, that there was no oral agreement between W. K. Martin and wife and appellant, whereby appellant was to sell and W. K. Martin and wife were to buy the east one-half of Lot 8, Block 161, in Dow's First Addition to Freeport, *except the aforesaid tract 30 feet by 40 feet located in the N. E. corner of Lot 8, facing 40 feet on the alley at the rear of said lot and having a depth of 30 feet*

(which reservation, appellant claims was, as stated, omitted from the deed by mutual mistake).

We must overrule appellant's first and second points. For present purposes, it may be conceded that the evidence established as a matter of law that appellant and W. K. Martin orally agreed that the 30 by 40 foot tract should be reserved by appellant, but by mutual mistake said reservation was omitted from the deed. The only result of such omission, through mutual mistake, would have been to give appellant an equity for reformation. That is to say, under principles which govern courts of equity, appellant, by reason of the mutual mistake, would have had a cause of action for reformation of the deed, cognizable by a court of equity. Upon establishing the right to reformation, appellant would have been entitled to a judgment decreeing a correction of the deed, and awarding the equitable title to said tract of 30 by 40 feet to appellant.

It sometimes happens that a mere equity of reformation can be ripened into an equitable estate in land by the conduct of the parties. This is what happened in Gilmore v. O'Neil, 107 Tex. 18, 173 S.W. 203, 206, upon which appellant relies so strongly here. The facts in that case were that, by mutual mistake, the description of the land intended to be conveyed was described as 1⅓ acres. But the parties intended that 1⅔ acres should be conveyed. And the grantor in the deed caused 1⅔ acres of land to be surveyed, and marked out upon the ground. Said the Supreme Court, speaking through Judge Phillips, "Under his lease and deed from Mrs. Duey [the grantee in the deed which contained the faulty description by reason of the mistake of the draftsman of the deed] and Kuhn, the latter describing the 1⅔ acres as designated on the ground by Jones, O'Neil obtained all the rights in the tract originally owned by Mrs. Duey, *including her equity in the one-third of an acre in controversy.* This equity to the one-third of an acre would have been incapable of enforcement as a *title* in Mrs. Duey's hands, because she had no possession; and, being out of possession, the reformation of the deed execut-

ed by Jones and wife would have been necessary to invest her with title. But had she taken possession, *accompanied by improvements,* having already paid the full purchase price of the land, there could be no doubt of the perfection of her equity *into an equitable title,* superior to the legal title in Jones and wife, and entitled to prevail against it in the hands of any subsequent owner not protected as an innocent purchaser. * * * She [Mrs. Duey] stood clear in the ownership of an equity in the one-third of an acre in dispute, because she had bought and paid for it, and in good conscience it belonged to her, with an undoubted right to the title, and, *by possession* and *improvements, to perfect her equity into a title."* (Emphasis supplied.) 173 S.W. at pages 206, 207.

■ Judge Phillips did not mention in the opinion in the Gilmore case, any analogy between the principle which he there applied and the principle which is applied in determining the validity of a parol sale or gift of land. In the case of Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 15 A.L.R. 216, in a masterly opinion, he showed that there were three requirements necessary to be shown before a court of equity would break through the Statute of Frauds to uphold a parol· sale or gift of land. In such a case, there is not only the need for the payment of the consideration, coupled with possession by the vendee, but there must also be the "making by the vendee of valuable and permanent improvements upon the land with the consent of the vendor." Nonetheless, in the Gilmore case, it was made clear, though not so stated in so many words, that in order for an equity for reformation of a deed to mature into an equitable estate in the land involved, without first obtaining a judgment of reformation in a suit brought for that purpose, it is necessary to prove (1) the consideration paid, (2) coupled with possession, but also (3) to prove the making of valuable and permanent improvements, to the end that the owner of the legal title shall be estopped to assert it. In McCampbell v. Durst, 15 Tex.Civ.App. 522, 40 S.W. 315, Judge Williams of this Court—later elevated to the Supreme Court,—held in effect that possession was not a sufficient factor to transform an equity for reformation of a deed into an equitable estate in the land involved.

In the McCampbell case, the plaintiffs alleged an equity to reform a deed on the grounds of fraud. In the opinion in that case the distinction was clarified between an equity (or right to go into a court of equity) to have a deed reformed as a basis for the recovery of the title to the land involved, and an equitable estate in land.

■ We are here constrained to hold that appellant failed, as a matter of law, to make out a case that it owned an equitable estate in the tract of 30 by 40 feet. The legal title to the entire lot passed out of appellant by the aforesaid deed of August 1, 1942. The most that the evidence shows, which is favorable to appellant's claim, is that appellant remained in possession of the tract of 30 by 40 feet in the rear of Lot 8, and is still in possession thereof, and allowed a deduction in the purchase price of $150. Appellant had the equity or right to bring a suit to reform the deed so as to have the 30 by 40 foot tract reserved to it. However, it is undisputed that appellant knew of the mutual mistake, if any, more than four years prior to the filing of this suit. There was no proof of a basis for estoppel, such as the making of permanent improvements on the 30 by 40 foot tract by appellant, after the date of the Martin deed.

What we have said requires us to hold that appellant's suit was subject to the four-year statute of limitations, which was invoked by appellees. It is, therefore, unnecessary to pass on appellant's remaining points, since appellant's suit is predicated, at least, on appeal, on the assumption that it owned an equitable estate in the property involved.

Judgment affirmed.

### On Appellant's Motion for Rehearing

■ We adhere to our ruling that the title to all of the east half of Lot 8 passed by deed from appellant to W. K. Martin et ux., dated August 1, 1942, subject to an equity in appellant to have same reformed to correct the mutual mistake whereby the 30 by 40 plot in the rear was not reserved to appellant. The evidence was sufficient to establish as a matter of law that such

mutual mistake occurred, and that it was intended by the parties to said deed that said plot should be reserved to appellant. The evidence also established as a matter of law that Martin and wife acquiesced in the claim of appellant to own same; and so of the vendee of Martin et ux., S. B. Grisham. The evidence also established as a matter of law that appellant has at all times remained in possession of said plot, using it as stated in our original opinion. Under these facts the statute of limitations does not run against appellant to have the deed reformed, and have the cloud cast on its title removed. Howard v. Young, Tex.Civ.App., 210 S.W.2d 241, 244 (writ refused); Strong v. Garrett, 148 Tex. 265, 224 S.W.2d 471, 474.

Appellant's motion for rehearing is granted and our former judgment is set aside, and the cause is remanded for a new trial, because Martin and wife are necessary parties to a suit to reform the deed to them; S. B. Grisham we also hold to be a necessary party.

Judgment is reversed, and cause is remanded for a new trial.

MONTEITH, C. J., not sitting.