Mark WILKERSON, Appellant,

v.

Kimberly WILKERSON, Appellee.

No. 03–97–00323–CV.

Court of Appeals of Texas, Austin.

May 20, 1999.

Pamela E. George, Houston, for Appellant.

Before Chief Justice ABOUSSIE, Justices B.A. SMITH and POWERS.*

BEA ANN SMITH, Justice.

We withdraw our earlier opinion and judgment dated January 28, 1999, and substitute this one in its place. Mark Wilkerson appeals from the judgment in his divorce action against Kimberly Wilkerson. In two points of error, Mr. Wilkerson contends the trial court erroneously (1) imposed a constructive trust against his separate real property, and (2) awarded a money judgment to Ms. Wilkerson based upon a sum that was not an item of community property. We will reverse the judgment and remand to the trial court.

## The Controversy

The Wilkersons married in May 1980. Mr. Wilkerson sued for divorce in April 1994. In January 1996, the trial judge signed a divorce decree following a bench trial. The judgment declares that the parties' homestead, a 4.38–acre tract in the Greenhills subdivision at Dripping Springs (the "Greenhills property"), was Mr. Wilkerson's *separate* property. Additionally, the judgment orders that the Greenhills property

> be sold to the highest bidder and the net proceeds split between [Mr. Wilkerson and Ms. Wilkerson]; however, Petitioner, Mark Wilkerson, shall have exclusive right to occupy the home until the youngest child reaches the age of 18 years, or he abandons it or fails to pay applicable expenses, taxes, liens, etc. or

he remarries. Petitioner shall pay all taxes until sold.

Mr. Wilkerson moved for a new trial, requesting that the court reconsider its awarding Ms. Wilkerson an interest in the proceeds of the Greenhills property. Ms. Wilkerson also moved for a new trial. The trial court ordered a new trial to reconsider the Greenhills property and issues related to Mr. Wilkerson's sole-proprietorship construction business. In a February 10, 1997 judgment, the trial judge declared that the Greenhills property was part of the *community* estate and "that a constructive trust exists as to the real property." The judgment declares further as follows:

> [I]n order fairly and equitably, to make a proper division of the community assets of the parties, the Court finds it necessary to impress judicially and does hereby so impress, an owelty lien on that property.... The property is awarded to Mark Wilkerson subject to an owelty lien in the amount of $85,000 which lien is to be paid according to the terms of a real estate lien note. The note is ordered to be secured by an owelty deed of trust on the property with a due on sale clause.

The trial court also ordered that Ms. Wilkerson recover from Mr. Wilkerson $61,060 plus interest. This sum represented a portion of $147,152.88 in community funds received and held by Mr. Wilkerson's construction business before the divorce hearing in January 1996. Mr. Wilkerson filed a motion for new trial that was overruled by operation of law. On appeal, Mr. Wilkerson complains of error in the matter of the Greenhills real property and the money judgment recovered by Ms. Wilkerson in the amount of $61,060 plus interest.

■ The record does not include findings of fact and conclusions of law. Mr. Wilkerson timely requested findings of fact and conclusions of law. He failed, however, to file a timely notice that the request-

---

* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).

ed findings and conclusions were past-due. *See* Tex.R. Civ. P. 297. When findings of fact and conclusions of law are not properly requested and none are filed, the reviewing court infers that the trial court made all findings necessary to support its judgment, *see Saldana v. Saldana,* 791 S.W.2d 316, 319 (Tex.App.—Corpus Christi 1990, no writ), and the trial-court judgment will be affirmed on any legal theory supported by the evidence. *See Magill v. Magill,* 816 S.W.2d 530, 532 (Tex.App.—Houston [1st Dist.] 1991, writ denied).

■ Section 7.001 of the Family Code provides that a divorce decree "shall order a division of the estate of the parties in a manner that the court deems just and right." Tex. Fam.Code Ann. § 7.001 (West 1998). The "estate of the parties" has been construed to mean only the parties' community property. *See Cameron v. Cameron,* 641 S.W.2d 210, 213–14 (Tex. 1982); *Eggemeyer v. Eggemeyer,* 554 S.W.2d 137, 139 (Tex.1977). The trial judge has wide discretion in dividing the parties' community estate and that division should not be altered on appeal except when a clear abuse of discretion is shown. *See Murff v. Murff,* 615 S.W.2d 696, 698 (Tex.1981).

### Discussion and Holdings

#### The Greenhills Property

On February 17, 1978, Mr. Wilkerson signed a contract for a deed to the Greenhills property. He contends that because he began paying for the Greenhills property before marriage it is his separate property and the trial court erred by including it as part of the community estate. Additionally, he argues that the trial court erroneously imposed the constructive trust and owelty lien on his separate property.[1] Ms. Wilkerson rejoins that it was not until divorce proceedings began that a sugges-

tion was made that the Greenhills property did not belong to both parties. She contends Mr. Wilkerson committed fraud by claiming that the Greenhills property was his separate property because he promised her before marriage that they would pay for the land together, build a house together, and the house would belong to both of them. Ms. Wilkerson argues that the trial court therefore correctly imposed the constructive trust and lien on the Greenhills property.

■ Real property acquired before marriage is separate property. *See* Tex. Fam.Code Ann. § 3.001(1) (West 1998). Property is characterized as "separate" or "community" at the time of inception of title, that is to say, when a party first has a claim of right to the property by virtue of which title is ultimately vested. *See Strong v. Garrett,* 148 Tex. 265, 224 S.W.2d 471, 474 (1949). When real property is acquired under a contract for deed or installment contract, the inception of title relates back to the time the contract was executed, not the time when legal title is conveyed. *Riley v. Brown,* 452 S.W.2d 548, 551 (Tex.Civ.App.—Tyler 1970, no writ). Thus, if one spouse entered into a contract for deed before marriage, the property is separate property even if the conveyance of legal title occurs during the marriage and the deed names both spouses as grantees. *See Dawson v. Dawson,* 767 S.W.2d 949, 951 (Tex.App.—Beaumont 1989, no writ).

■ It is well-settled that in ordering a division of property, the trial court may not divest a party of his or her separate property. *See Cameron,* 641 S.W.2d at 220; *Eggemeyer,* 554 S.W.2d at 142. Once the character of the property is fixed, the use of funds of another estate to complete the purchase does not alter the character of the property, although the other estate may be entitled to reimbursement for the

---

1. Black's Law Dictionary defines "owelty" as: "Equality; an equalization charge." *Black's* *Law Dictionary* 1105 (6th ed.1990).

funds contributed. *See Colden v. Alexander*, 141 Tex. 134, 171 S.W.2d 328, 334 (1943). Similarly, the use of funds from another estate to improve real property may entitle the contributing estate to reimbursement. *Gutierrez v. Gutierrez*, 791 S.W.2d 659, 663 (Tex.App.—San Antonio 1990, no writ).

■ Ms. Wilkerson testified that before marriage, Mr. Wilkerson told her he was making payments on a piece of property and showed her the Greenhills property. He told her that when they got married they would build a house and raise a family there. For four or five years after they were married, the Wilkersons used community funds to pay the balance of the purchase price for the Greenhills property. Both Mr. and Ms. Wilkerson's names appear on the deed as grantees. Mr. and Ms. Wilkerson gave different reasons for this.

Mr. Wilkerson testified that he and Ms. Wilkerson talked about putting the Greenhills property in both of their names for probate purposes only. Mr. Wilkerson explained that shortly before they received a deed to the Greenhills property, a friend of the family died. Because the friend's widow encountered problems with her homestead, he and Ms. Wilkerson decided to have their grantor put the deed to the Greenhills property in both their names. Mr. Wilkerson specifically stated that by including Ms. Wilkerson's name on the deed, he did not intend to make a gift of any portion of the Greenhills property to Ms. Wilkerson.

Ms. Wilkerson testified that while she remembered the death of the family friend, she did not recall any conversation about putting the deed in both names for probate purposes. She recalled only that she and Mr. Wilkerson decided together to have both their names placed on the deed. She also recalled that before she left to pick up the deed from the seller, Mr. Wilkerson reminded her to be sure the deed was in both their names.

It is undisputed, however, that Mr. Wilkerson contracted for the Greenhills property and began making payments on the property before marriage. Consequently, absent evidence of a transfer or gift by Mr. Wilkerson to Ms. Wilkerson, under the inception-of-title doctrine the Greenhills property was Mr. Wilkerson's separate property. There is no finding that Mr. Wilkerson transferred or gave Ms. Wilkerson an interest in the Greenhills property, nor is that proved as a matter of law. We sustain the first point of error and hold that the Greenhills property is Mr. Wilkerson's separate property.

■ While mischaracterization of separate property as community property does not necessarily require reversal of a judgment, *see Magill v. Magill*, 816 S.W.2d 530, 533 (Tex.App.—Houston [1st Dist.] 1991, writ denied), because of the improper imposition of a constructive trust and owelty lien on this separate property, the trial court's mischaracterization here was not harmless error.

### The Constructive Trust and Owelty Lien

The decree impressed a constructive trust on the Greenhills property and created an owelty lien to secure a judgment debt in favor of Ms. Wilkerson in the amount of $85,000. Mr. Wilkerson contends there is no evidence or insufficient evidence to support the imposition of a constructive trust and lien on his separate property. We agree.

■ A trial court may impress an equitable lien against one spouse's separate property to secure the other spouse's right of reimbursement for community improvements to that property; the court may not, however, impose an equitable lien on a spouse's separate property simply to secure a just and right division of the community property. *See Heggen v. Pemelton*, 836 S.W.2d 145, 146 (Tex.1992).

■ For several years after marriage, the Wilkersons used community funds to pay off the purchase price of Mr. Wilker-

son's separate property. After paying the balance due, the couple built their home on the Greenhills property. Rather than getting a loan to build the house and since Mr. Wilkerson was in the construction business, the Wilkersons used leftover materials from his construction jobs and bartered with other tradesmen to build the house. Although it is clear that community funds and labor were used to construct the house, there was no showing of the extent of the community labor required to build the house, or the value of that community labor. *See Jensen v. Jensen,* 665 S.W.2d 107, 109 (Tex.1984); *Vallone v. Vallone,* 644 S.W.2d 455, 459 (Tex.1982). Likewise, there was no proof to establish the amount of principle paid on the purchase money debt and no balancing of any benefits received by the community. *See Penick v. Penick,* 783 S.W.2d 194, 197 (Tex.1988). Because Greenhills was Mr. Wilkerson's separate property, a lien could be imposed only to support a claim for reimbursement. Because there is no evidence in this record that establishes a reimbursement claim in a specific amount, we hold that the trial court abused its discretion by imposing a lien on separate property simply to secure a just and right division of property.

■ Ms. Wilkerson seeks to avoid the consequences of her failure to prove reimbursement by advancing the equitable theory of constructive trust.[2] She relies on this Court's opinion in *Andrews v. Andrews,* 677 S.W.2d 171 (Tex.App.—Austin 1984, no writ). In *Andrews,* we held that when property has been acquired under such circumstances that the holder of legal title may not in good conscience retain the beneficial interest, equity may designate him a trustee. *See id.* at 173. A constructive trust does not arise because of a manifest intention to create it; rather, it is imposed in equity because the person holding the legal title to the property would

otherwise profit by a wrong or would be unjustly enriched. *See id.* at 173–74.

In *Andrews,* the husband similarly complained because the trial court had imposed a constructive trust on real property the husband claimed was his separate property. But in that case, the prospective husband and wife had decided to buy the property as co-tenants prior to marriage; both filled out the loan application forms and the property was to be purchased in both names. Prior to closing, Mr. Andrews unilaterally and surreptiously removed his fiancee's name from the purchase documents and assumed title solely in his name. We found that a fiduciary relationship existed between the parties, and that the parties had agreed to purchase the property *jointly* for use as their marital residence. We emphasized the importance of this fiduciary relationship by citing to *Omohundro v. Matthews,* 161 Tex. 367, 341 S.W.2d 401 (1960), in which the supreme court said: "A constructive trust arises where a conveyance is induced on the agreement of a fiduciary or confidant to hold in trust for a reconveyance or other purpose...." *Id.* at 407 (citing 54 Am.Jur. 178, § 233). The requirement of some claim of ownership in the beneficial owner is explained in another opinion that we relied upon:

> It is a well settled general rule that if one person obtains the legal title to property, not only by fraud, or by violation of confidence of fiduciary relations, but in any other unconscientious manner, so that he cannot equitably retain the property which really belongs to another, equity carries out its theory of a double ownership, equitable and legal, by impressing a constructive trust upon the property in favor of the one who is in good conscience entitled to it, and who considered in equity as the beneficial owner.

*Simmons v. Wilson,* 216 S.W.2d 847, 849 (Tex.Civ.App.—Waco 1949, no writ).

---

2. As counsel for appellee acknowledged in closing argument: "There's something wrong about this house but the answer isn't reimbursement. It's constructive trust."

Unlike the wife in *Andrews*, Ms. Wilkerson did not claim any ownership in her husband's separate property. The Wilkersons never attempted or intended to purchase the Greenhills property jointly. Ms. Wilkerson had no right to beneficial ownership that arose at the time the property was acquired. Instead, what she claimed was a right to reimbursement for community funds expended during marriage to pay off the balance due and to improve the separate property of her husband. These reimbursement claims she failed to establish. Texas jurisprudence sanctions imposition of a constructive trust when property is *"acquired* under such circumstances, that the holder of the legal title may not in good conscience retain the beneficial interest...." *Andrews*, 677 S.W.2d at 173 (emphasis added). It does not sanction using this equitable theory as an end run around the requirement that a spouse claiming reimbursement must establish the fact and the amount of community funds expended to improve or benefit the other spouse's separate property. *See Lindsay v. Clayman*, 151 Tex. 593, 254 S.W.2d 777 (1952); *Wachendorfer v. Wachendorfer*, 615 S.W.2d 852 (Tex.Civ. App.—Houston [1st Dist.] 1981, no writ) (party claiming right of reimbursement has burden of proving that expenditures and improvements were made and are reimbursable).

### Conclusion

We reverse the trial-court judgment and hold that, as a matter of law, Greenhills was the separate property of Mr. Wilkerson. Because there is insufficient evidence to establish Ms. Wilkerson's claims of reimbursement for community funds used to purchase or improve the Greenhills property, the trial court abused its discretion by imposing on that property the $85,000 lien in favor of Ms. Wilkerson. Likewise, the trial court erred in imposing a constructive trust on Mr. Wilkerson's separate property when Ms. Wilkerson was not an intended owner at the time the property was acquired. Reimbursement, not con-

structive trust, is the only remedy available under these circumstances. We reverse the trial court's judgment dividing the property of the parties and remand for a new trial as to property issues, including reimbursement and a just and right division of the community estate.