# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-03-00585-CV

---

**Billy George Williams, Appellant**

**v.**

**Debra Lee (Williams) Clark, Appellee**

---

**FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT
NO. 197020-C, HONORABLE SUE BARTON LYKES, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellant, Billy George Williams, appeals the division of property ordered in his

divorce decree between him and his former wife, appellee Debra Lee (Williams) Clark. Williams

asserts that the district court erred by not ruling on his motion for temporary injunction to preserve

the community estate and by failing to award a just and right division of the community estate. We

affirm the judgment of the district court.

## BACKGROUND

Williams and Clark were married in 1996.[1] In 1997, Williams was convicted of a

felony and remains incarcerated. Clark filed for divorce in March 2003. Williams filed a motion

---

[1] Because Williams and Clark were in a common law marriage, there is some dispute
between the parties as to when they were legally married. It is not clear to the Court whether
Williams appeals the district court's finding that the couple was married in 1996, but we will assume
he does. The district court stated in its findings of fact that the couple was married in 1996. In an

for temporary injunction to preserve the community estate. Williams also filed a "motion to adjudicate" asking the district court to rule on his motion for temporary injunction. The district court never ruled on Williams's motions.

At the final hearing on the divorce, Clark testified and Williams, in lieu of appearing in person, submitted an affidavit for the court's consideration. *See In re Ramirez*, 994 S.W.2d 682, 684 (Tex. App.—San Antonio 1998, no pet.). Clark testified that Williams had not contributed economically to their household. She also testified that she owned a home as her separate property. Williams's affidavit attested that he did contribute to the household. He asserted that he earned $400 a week from his former job and that all of his earnings went to pay the mortgage for Clark's separate property. He also claimed that Clark received his disability benefits. Williams argued, in his response to the divorce petition, that the community estate was thus entitled to equitable reimbursement.

The district court awarded Clark the house she owned as her separate property and did not award Williams any equitable reimbursement. Williams now appeals, asserting that the district court did not order a just and right division of marital assets. He also asserts that the district court erred by failing to rule on his motion for temporary injunction.

---

appeal from a bench trial, findings of fact are the equivalent of jury answers to special issues. *Associated Tel. Directory Publishers, Inc. v. Five D's Publ'g Co.*, 849 S.W.2d 894, 897 (Tex. App.—Austin 1993, no writ). The reviewing court cannot substitute its conclusions for those of the trial court if there is sufficient competent evidence of probative force to support the trial court's findings. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985). We hold that there is sufficient probative evidence, specifically Clark's testimony, that supports the district court's finding.

2

**DISCUSSION**

**Temporary injunction**

Under section 6.502 of the family code, a court may issue a temporary injunction for the preservation of property and the protection of the parties as deemed necessary and equitable during the pendency of a divorce. Tex. Fam. Code Ann. § 6.502 (West Supp. 2004). District courts have the broadest form of discretion in issuing temporary orders. *See Norem v. Norem*, 105 S.W.3d 213, 216 (Tex. App.—Dallas 2003, no pet.); *Allen v. Allen*, 366 S.W.2d 650, 651 (Tex. Civ. App.—Amarillo 1963, no writ). The movant's burden is to make a proper showing of entitlement to the injunction. *Norem*, 105 S.W.3d at 216. There must be evidence that the injunction or receivership is for the protection and preservation of the marital estate. The purpose of a temporary injunction is to preserve the status quo pending a trial on the merits. *Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993). The court may issue a temporary injunction only after notice is given to the parties and the court has conducted a hearing on the motion. Tex. Fam. Code Ann. § 6.502(a).

In Williams's motion for temporary injunction, he requested the district court to enjoin Clark from withdrawing funds from his bank account and requested certain documents. He also requested that a conservator be assigned to his case. When the district did not rule on his motion, he filed a motion to adjudicate. In both motions, Williams asked the court to temporarily enjoin Clark from withdrawing funds from his bank account. However, Williams never requested a hearing on his motions and the district court did not rule on them. Williams now asserts that it was error for the court to fail to rule on his motion for temporary injunction.

The parties to a temporary injunction hearing must be provided an opportunity to be heard. *See* Tex. Fam. Code Ann. § 6.502 (a): "While a suit for dissolution of marriage is pending

3

and on the motion of a party or on the court's own motion *after notice and hearing*, the court may render . . . a temporary injunction . . . ." *Id.* (emphasis added). Because the court could not have granted the temporary injunction without conducting a hearing, and Williams was the party that desired a temporary injunction, it was his responsibility to request a hearing on the motion or risk waiver of his motion. Although we recognize that, due to his incarceration, it may have been difficult for Williams to appear at a hearing on his motion, he had other opportunities to offer his testimony to the court for consideration at a hearing. For example, he could have filed a request to have his affidavit considered by the court in lieu of his presence at the hearing, as he did for the final divorce hearing. Because Williams waived any error by not requesting a hearing on the motion, we overrule Williams's first issue.

**Equitable division of community property**

Williams contends that the district court abused its discretion by failing to order a just and right division of the community estate.[2] Section 7.001 of the family code provides that a divorce

---

[2] Williams also asserts that the district court did not evaluate his affidavit when making its decision. Because Williams was incarcerated and could not attend the hearing, he requested the district court to evaluate his affidavit. *See In re Ramirez*, 994 S.W.2d 682, 684 (Tex. App.—San Antonio 1998, no pet.). The district court stated in the divorce decree that it considered Williams's affidavit; however, in its additional findings of fact and conclusions of law, the court stated that its original findings of fact were based on the "unchallenged testimony of Petitioner, Debra Lee Williams [Clark], . . . together with other evidence that was presented." Williams asserts that his affidavit "challenged" the testimony of Clark, and therefore, the district court impermissibly ignored his affidavit. Reading the district court's reference to "unchallenged" testimony in light of its earlier statement that it had considered Williams's affidavit, we conclude that the court was merely commenting on the credibility or weight of the evidence before it. The court must make credibility determinations in order to make its decisions. *See Raymond v. Rahme & Williams Invs.*, 78 S.W.3d 552, 555-56 (Tex. App.—Austin 2002, no pet.). We must presume that the averments in the final judgment are true, unless there is a conflict between the judgment and the record. *See F.S. New Prod., Inc. v. Strong Indus. Inc.*, 129 S.W.3d 626 (Tex. App.—Houston [1st Dist.] 2004, pet. filed)

decree "shall order a division of the estate of the parties in a manner that the court deems just and right." Tex. Fam. Code Ann. § 7.001 (West 1998). The "estate of the parties" includes only the parties' community property. *See Cameron v. Cameron*, 641 S.W.2d 210, 213-14 (Tex. 1982); *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137, 139 (Tex. 1977). The trial judge has wide discretion in dividing the parties' community estate; in fact, there is a presumption on appeal that the trial court correctly exercised its discretion in dividing the property, and the burden rests upon appellant to show from the record that the division was so disproportionate as to be manifestly unfair. *See Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981); *Law v. Law*, 517 S.W.2d 379 (Tex. Civ. App.—Austin 1975, writ dism'd). In exercising its discretion, the trial court may consider many factors and it is presumed that the trial court exercised its discretion properly. *Bell v. Bell*, 513 S.W.2d 20, 22 (Tex. 1974). In reviewing a trial court's judgment for abuse of discretion, we look to see whether the court acted without reference to guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). Stated somewhat differently, we must determine whether the trial court acted in an unreasonable or arbitrary manner. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991). We may not reverse for abuse of discretion merely because we disagree with the trial court's decision, if the decision was within the trial court's discretionary authority. *Id.*

Williams's main complaint with the district court's division of the marital estate is its failure to award him an equitable reimbursement for the funds that he paid toward Clark's house and for any improvements he made to the property. Real property acquired before marriage is

(recitals contained in judgment are presumed to be true; such presumption is rebuttable when conflict exists between judgment and record.); *Alcantar v. Oklahoma Nat'l Bank*, 47 S.W.3d 815, 823 (Tex. App.—Fort Worth 2001, no pet.). We cannot conclude that there is a conflict between the judgment and the record.

separate property, and Williams does not contest that Clark's house was her separate property. *See* Tex. Fam. Code Ann. § 3.001(1). It is well-settled that in ordering a division of property, the trial court may not divest a party of his or her separate property. *See Cameron*, 641 S.W.2d at 220; *Eggemeyer*, 554 S.W.2d at 142. Once the character of the property is fixed, the use of funds of another estate to complete the purchase does not alter the character of the property, but the community estate may be entitled to reimbursement for the funds contributed. *See Colden v. Alexander*, 171 S.W.2d 328, 334 (Tex. 1943). The party claiming the right of reimbursement has the burden of pleading and proving that the expenditures and improvements were made and that they are reimbursable. *Vallone v. Vallone*, 644 S.W.2d 455, 459 (Tex. 1982).

We note first that there was no showing as to what extent Williams's earnings were used towards paying for the house. *See Wilkerson v. Wilkerson*, 992 S.W.2d 719, 724 (Tex. App.—Austin 1999, no pet.). Williams claimed that Clark used the $400 a week that he earned from his former job for her house payment. He also claimed that Clark received Williams's disability benefits. However, there is no evidence in the record that specifically corroborates Williams's testimony, and Clark refuted Williams's assertions in her testimony. Williams submitted records showing that the house payments were being made during the couple's marriage; however, there is no showing that the funds used to pay the debt were community funds. Further, even if the district court were to presume that all funds that Clark obtained, whether her own earnings or Williams's, during the marriage, were community funds, the court had wide discretion in deciding the just and right division of those funds. *Murff*, 615 S.W.2d at 698. The trial court is not required to divide the community property equally. *Id.* at 699. Instead, the trial court may consider many

factors, including fault in the breakup of the marriage, disparity in earning capacities or incomes, spouses' capacities and abilities, benefits that a party not at fault would have derived from continuation of the marriage, business opportunities, education, relative physical conditions, relative financial condition and obligations, disparity of ages, size of separate estates, and the nature of the property. *Id.*

Considering that Clark and Williams were married only a year before he was incarcerated and that during the ensuing four years Clark largely supported herself, we cannot conclude that the district court's decision to award her the equity in her separate property during the marriage was an abuse of the court's broad discretion. We hold that the district court did not abuse its discretion by declining to award an equitable reimbursement to the community estate.

Williams also complains that the court impermissibly relied on Clark's testimony that her 1997 Saturn, bought as community property, was worth $2,000 rather than $6,000, as Williams pled. Again, we note that the court has broad discretion in determining the proper division of community property. *See Murff*, 615 S.W.2d at 698. We further note that "[t]he trier of fact is the sole judge of the credibility of the witnesses and the weight to be given their testimony." *Raymond*, 78 S.W.3d at 555-56. Williams provided no evidence, other than his testimony, concerning the Saturn's value. The court was faced with two conflicting accounts concerning the Saturn's worth and chose to believe Clark. The court was entitled to believe one and not the other. *See id.* Williams further complains that the court impermissibly relied on Clark's testimony, indicating that a parcel of land, which was community property, was worth $2,500 and not $1,750, as Williams pled. Williams filed a letter from Larry Ground, the person who gave the couple the property,

7

indicating that tax records showed the estimated value of the lot was $1,750. The tax statement was not in the record. Clark testified that she investigated the value of the property and determined that it was worth $2,500. The district court, in its findings of fact, assessed the lot's value at $2,500. Again, it is the court's role to determine which witnesses to believe. *Id.* Williams finally complains that a Dodge truck that he valued at $1,250 was sold for scrap by Clark for $200. Williams contends that the court should have valued the truck at $1,250 in its community property analysis. Again, the court was faced with two conflicting versions of the value of a piece of the couple's property and chose to believe Clark. *Id.* We hold that the court did not abuse its discretion in its division of the community estate.

## CONCLUSION

We affirm the judgment of the district court.

_____

Bob Pemberton, Justice

Before Justices Kidd, B. A. Smith and Pemberton

Affirmed

Filed:   May 27, 2004

8