NUMBER 13-05-422-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


LUTHER FRED PEEK, III, Appellant,


v.
 


AGNES SUE MEYERS, Appellee.

 


On appeal from the 23rd District Court of Matagorda County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Rodriguez and Castillo 


Memorandum Opinion by Chief Justice Valdez



 Appellant, Luther Fred Peek, appeals from the trial court's final decree of divorce. 
His sole point of error is that the court erred in awarding Agnes Sue Meyers a
disproportionate share of the community estate. No response to this appeal was filed. We
will affirm the trial court's judgment. (1)

 The couple married in April 1996. Peek owned two lots (Lots 17 & 18) with a trailer
home, a shrimping boat, and two other boats before marrying Meyers. Additionally, in
February 1996, Peek made a $5,000 down payment on two adjacent lots (Lots 15 & 16). 
After the couple married, they purchased another trailer home and placed it on Lots 15 &
16. According to the record, Meyers's separate property was nominal and included mostly
personal items. The property acquired during the marriage consisted primarily of: (1) the
second trailer; (2) shrimping equipment; (3) vehicles; and (4) various personal items. The
couple also amassed debt during the marriage. 

 The divorce decree granted Peek all of his separate property and an $8,750
reimbursement by Meyers for Lots 15 & 16. The reimbursement satisfied Peek's separate
property claim ($5,000) and served as payment for his interest in the land ($3,750). 
Meyers was awarded Lots 15 & 16, the trailer home that sat on Lots 15 & 16, a vehicle
financed in her name, and various personal items. The division of community property
slightly favored Meyers. The decree does not mention community debt; however, it orders
each party to pay the debt owed under the respective spouse's name, with the exception
of the note owed on the trailer home occupying Lots 15 & 16. (2) The decree's allocation of
the debt is the focus of Peek's point of error. The trial court did not enter findings of fact
or conclusion of law.

 Based on the pleadings, the amount of community debt varied widely. Meyers
claimed that the community debt was approximately $50,000 in her inventory filed in
August 2002. Peek claimed that the community debt was approximately $123,000 in his
inventory filed in October 2003. The community debt is composed primarily of unpaid
credit card balances held in Peek's name. During the trial, Peek did not marshal any
evidence to show that the credit card balances were incurred during the marriage or used
to purchase items that enhanced the community estate.

 In granting a divorce, a trial court must divide the community estate "in a manner
that the court deems just and right." Tex. Fam. Cod. Ann. § 7.001; See Wilkerson v.
Wilkerson, 992 S.W.2d 719, 722 (Tex. App.-Austin 1999, no pet.). We start with the
presumption that the trial court properly exercised the broad discretion it is given to divide
the community estate and will reverse only if we find a clear abuse of discretion. Murff v.
Murff, 615 S.W.2d 696, 698-99 (Tex. 1981). A trial court abuses its discretion if the
property division is manifestly unjust and unfair, O'Carolan v. Hopper, 71 S.W.3d 529, 532
(Tex. App.-Austin, 2002, no pet.), but the estate need not be divided equally as long as
the division is equitable and justified by the circumstances. Murff, 615 S.W.2d at 698-99;
O'Carolan, 71 S.W.3d at 532. The complaining party must show that the trial court abused
its discretion in the overall division of the entire estate. See Murff, 615 S.W.2d at 699-700.

 When, as here, the trial court does not make findings of fact or conclusions of law
pertaining to the unequal division of the property, we presume the court considered the
entire circumstances of the parties in making the division. See Murff, 615 S.W.2d at 698;
Kimsey v. Kimsey, 965 S.W.2d 690, 704 (Tex. App.-El Paso 1998, pet. denied). Peek has
not shown from the record that the division of debt was so disproportionate as to be
manifestly unjust under the circumstances. See Capellen v. Capellen, 888 S.W.2d 539,
542-45 (Tex. App.-El Paso, 1994, writ denied); Waggener v. Waggener, 460 S.W.2d 251,
253-54 (Tex. Civ. App.-Dallas 1970, no writ). Therefore, he has failed to overcome the
presumption that the trial court properly exercised its discretion in dividing the community. 
See Murff, 615 S.W.2d at 698; Kimsey, 965 S.W.2d at 704. Peek's sole point of error is
overruled.

 The judgment of the trial court is affirmed. 

 ________________

 ROGELIO VALDEZ

 Chief Justice


Concurring Memorandum Opinion by Justice Castillo.


Memorandum Opinion delivered and 

filed this the 3rd day of August, 2006.
1. This is the second divorce decree. The first one was vacated upon the granting of a motion for new
trial.
2. The trailer home was jointly financed, but retained by Meyers. She was therefore assigned that debt.