TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-08-00136-CV




Jose Fernandez Galan Palau, Appellant

v.

Flor de Maria Navarro Sanchez, Appellee




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
NO. D-1-FM-06-002234, HONORABLE DARLENE BYRNE, JUDGE PRESIDING


 
D I S S E N T I N G O P I N I O N

                        I respectfully dissent. This divorce action was a non-jury three-witness trial-by-
sanction involving two Mexican natives and nationals with an “estate” of $6,580,145. The case-
determining sanction suppressed proof and prevented Galan from showing by clear and convincing
evidence that the bulk of the property in question was his separate property. See Tex. Fam. Code
Ann. § 3.003 (West 2006). The discovery sanction prohibited Galan from offering evidence of any
affirmative claim including evidence of his claim of separate property, which he asserted that he had
inherited from his father and later from his mother. The “death penalty” sanction prevented Galan
from cross-examining Navarro about her characterization of the property during her trial testimony,
or to impeach her. In his trial testimony Galan was not permitted to explain how he had acquired
the property involved.
                        Navarro’s trial testimony that all the property was community property was meager,
vague, or in answer to a leading question. The record shows that in her earlier unsuccessful Mexican
divorce action her petition listed the bulk of the property as Galan’s separate property, and she
requested thirty percent of his separate property under Mexican law. Based upon the enforced
sanction, Galan was prevented from offering evidence as to the merits of his separate property
claims. The trial court here found all the property to be community property. The trial court
awarded Navarro 62 ½ percent of the property and gave to Galan 37 ½ percent. The trial court
ordered Galan to pay 62 ½ percent of Navarro’s attorney’s fees and to withdraw $550,000 out of one
fund awarded to Galan to pay $214,000 towards the total fee.
                        A trial court has wide discretion to employ discovery sanctions to ensure
compliance with the discovery rules, to deter would-be violators, and to punish violators. Chrysler
Corp. v. Blackmon, 845 S.W.2d 844, 850 (Tex. 1992). Sanctions must be “just” under the
circumstances. In re Ford Motor Co., 988 S.W.2d 714, 718 (Tex. 1998); Kulge v. Daimiber
Chrysler Corp., 88 S.W.3d 355, 369 (Tex. App.—San Antonio 2007, pet. denied). We review the
trial court’s imposition of discovery sanctions for an abuse of discretion. Transamerican Natural
Gas Corp. v. Powell, 811 S.W.2d 913, 918 (Tex. 1991); Kugle, 88 S.W.3d at 364. In general, a
trial court abuses its discretion when it acts without reference to any guiding rules or principles,
i.e., when its acts arbitrarily or unreasonably. Warford v. Stomper, 801 S.W.2d 108, 109
(Tex. 1990); Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). In such
a review, we look at the entire record. See Daniel v. Kelley Oil Corp., 981 S.W.2d 230, 234
(Tex. App.—Houston [1st Dist.] 1998, pet. denied).
                        In discovery sanction cases, it must be remembered that a trial court’s discretion
is limited by the requirements of rule 215 that the sanction be “just.” Tex. R. Civ. P. 215.2(b).
Independently, that discretion is also limited by constitutional due process. Transamerican,
811 S.W.2d at 918-19. An order imposing discovery sanctions may be reversed for an abuse of
discretion, even if the findings and evidence support it. Kugle, 88 S.W.3d at 364.
                        Discovery sanctions imposed under rule 215.2(b)(2) must be “just” and are measured
by two factors. In re Ford Motor Co., 988 S.W.2d at 718. First, we consider whether there is a
direct relationship between the offensive conduct and the sanction. Transamerican, 811 S.W.2d
at 917. “This means that a just sanction must be directed against the abuse and toward remedying
the prejudice caused the innocent party.” Id. It also means that the trial court must attempt to
determine if the offensive conduct is attributable to the party, the attorney, or to both. Id. A party
should not be punished for his counsel’s conduct where the party is not implicated apart from having
instructed to counsel its legal representation. Second, a “just” sanction must not be excessive. Id.
The punishment should fit the crime. Id. A sanction should be no more severe than necessary to
satisfy its legitimate purpose. Id. Trial courts may consider lesser sanctions to promote compliance. 
These standards set the permissible bounds of rule 215 within which the trial court may exercise
sound discretion. Id. When more severe or “death penalty” sanctions for discovery abuse are
imposed, these standards as well as constitutional due process apply. Id. at 918.
                        The sanction here imposed on Galan violated the standards relating to rule 215 and
constitutional due process when the sanction adjudicated Galan’s claims to his separate property
without regard for the merits of Galan’s claims. In order not to elongate this dissent, I will focus on
the due process violation. The sanction should not and could not, in my opinion, have been used in
this divorce case, for the trial court was without legal authority to do so.
                        Section 7.001 of the family code provides that a divorce decree “shall order
the division of the estate of the parties in a manner that the court deems just and right.” Tex. Fam.
Code Ann. § 7.001 (West 2006). The “estate of the parties” has been construed to mean only the
parties’ community property. See Cameron v. Cameron, 641 S.W.2d 210, 213-14 (Tex. 1982);
Eggemeyer v. Eggemeyer, 554 S.W.2d 137, 139 (Tex. 1977). Property is characterized as
“separate” or “community” at the time of reception of title. See Strong v. Garrett, 224 S.W.2d
471, 474 (Tex. 1949); Wilkerson v. Wilkerson, 992 S.W.2d 719, 722 (Tex. App.—Austin 1999,
no pet.). A spouse’s separate property is statutorily defined in section 3.001 of the family code
and includes inter alia, “the property acquired by the spouse during marriage by gift, demise,
or decent.” Tex. Fam. Code Ann. § 3.001(2) (West 2006); see also Tex. Const. art. 16, § 15.
“Community property consists of the property, other than separate property acquired by either
spouse during marriage.” Tex. Fam. Code Ann. § 3.002 (West 2006). The degree of proof to
establish that property is separate property is by clear and convincing evidence. Id. § 3.003(b). 
There is a rebuttable presumption that all property acquired during marriage is community property.
Id. § 3.003.
                        In considering a division of the property by divorce decree, it is well settled as a
constitutional matter that a Texas trial court may not divest a party of his or her separate property.
Cameron, 641 S.W.2d at 220; Eggemeyer, 554 S.W.2d at 162; Wilkerson, 992 S.W.2d at 722. If the
trial court is without authority to divest a spouse of his or her separate property, may a discovery
sanction be utilized to give the trial court the authority to prohibit a spouse from making proof of
his or her separate property claim? May the trial court adjudicate the merits of the claim by sanction
without a hearing or opportunity to supply the necessary proof? The trial court cannot do indirectly
what it is forbidden to do directly. The trial court’s action here failed to accord Galan due process
and resulted in an unfair trial. The trial court, in my opinion, clearly abused its discretion.
                        I do not condone Galan’s conduct, but some of the offensive conduct should have
been attributable to Galan’s trial counsel. The trial court made no attempt to determine if counsel
was at fault. See Transamerican, 811 S.W.2d at 917.


 Neither do I condone the actions of Navarro
and her attorneys. It is clear from the record that they used the discovery rules to harass the 80-year-
old Galan. They knew that he lived in San Luis Potosi and had to constantly travel to meet all the
pretrial hearings concerning taxes, mortgages, or support payments. It is obvious from the beginning
they consistently urged the various trial courts hearing the case to sanction Galan and prevent him
from being able to prove his claims to separate property. They obtained sanctions to prevent him
from discovery, from using documents in support of his separate property claims, prohibiting him
from calling expert witnesses concerning the Mexican-held property and Mexican law, preventing
him from offering evidence about separate property, and finally, preventing him from offering
evidence in support of any affirmative claim including his separate property claim. They knew that
the sanctions requested would prevent proper proof of any separate property claim. Navarro testified
that she married Galan in Mexico on October 23, 1950, under the regime of separate property.
Further, in her 2003 Mexican divorce petition, she asked for thirty percent of Galan’s separate
property and listed in great detail and description each piece of property acquired by Galan, when
acquired and from whom, bank accounts opened by Galan, and other information about other assets.
Navarro had a vast knowledge of the property involved in this lawsuit. All this same property
became “community property” by her trial testimony. The record shows that Navarro had separate
property including investments in Asia, Europe, and the United States, had a financial advisor,
and had traveled in Europe on her own money. This separate property was involved in the
instant judgment.
                        I vigorously dissent to the affirmance of the instant judgment. I would sustain
appellant Galan’s second point of error or issue (relabeled as third issue by the majority) that the
trial court erred in imposing the death penalty sanction prohibiting Galan from presenting any
evidence in support of any affirmative claim involving his claim to his separate property.


 The
trial court abused its discretion in imposing a discovery sanction that adjudicated the merits of the
case in violation of constitutional due process.
                        I would reverse the judgment and remand to the trial court for a fair and just trial.
 
 
__________________________________________
                                                                        John F. Onion, Jr., Justice
Before Justices Puryear, Pemberton and Onion*
Filed: November 10, 2010
 
* Before John F. Onion, Jr., Presiding Judge (retired), Texas Court of Criminal Appeals, sitting by
assignment. See Tex. Gov’t Code Ann. § 74.003(b) (West 2005).